# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **GARY NEIL CRAMER**, and **THERON J. MARRS**, <br><br>    Defendants. | Case No. 3:17-cr-267-SI <br><br> **OPINION AND ORDER ON MOTION TO RESCIND AND MOTION TO DISMISS** |
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **THERON J. MARRS**, <br><br>    Defendant. | Case No. 3:17-cr-271-SI |

**Michael H. Simon, District Judge.**

Gary Neil Cramer ("Cramer") and Theron J. Marrs ("Marrs") are Defendants in *United States v. Cramer and Marrs*, Case No. 3:17-cr-267-SI ("Case '267"). Marrs also is a Defendant (indeed, the only Defendant) in *United States v. Marrs*, Case No. 3:17-cr-271-SI ("Case '271"). With the express consent of all parties, and pursuant to Rule 13 of the Federal Rules of Criminal

Procedure, both cases will be tried together, as though brought in a single indictment. ECF 129.[1] The Court has scheduled trial to commence on April 23, 2019.[2] In Case '267, Cramer filed a motion titled, "Motion to Rescind Order of 12/14/17 and Motion to Dismiss with Prejudice" ("Motion"). ECF 127. Marrs joined Cramer's Motion. ECF 130. After reviewing the parties' written arguments and evidence, including Cramer's reply, the Court does not believe that oral argument is likely to be helpful or that an evidentiary hearing is needed. For the reasons that follow, the Motion is denied and the hearing scheduled for February 22, 2019 is stricken.

## BACKGROUND

### A. The Indictments

On July 18, 2017, a grand jury returned a four-count indictment against Cramer and Marrs in Case '267. Count 1 charges both Cramer and Marrs with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. Count 2 charges only Cramer with evasion of payment of taxes, in violation of 26 U.S.C. § 7201. Count 3 charges only Cramer with filing a false federal tax return in 2014 for calendar year 2013, in violation of 26 U.S.C. § 7206(1). Count 4 charges only Marrs with aiding and assisting in the filing of a false federal tax return in 2014 for calendar year 2013, in violation of 26 U.S.C. § 7206(2). ECF 1.

Also on July 18, 2017, a grand jury returned a seven-count indictment against only Marrs in Case '271. Count 1 charges Marrs with evasion of payment of taxes, in violation of 26 U.S.C. § 7201. Count 2 charges Marrs with filing a false federal tax return in 2013 for calendar year 2005, in violation of 26 U.S.C. § 7206(1). Count 3 charges Marrs with filing a false federal

---

[1] Unless otherwise stated, all references to electronic case file ("ECF") docket numbers are based on Case '267.

[2] Although both Cramer and Marrs have expressly agreed that both cases may be tried together, they have not waived their respective rights to a speedy trial.

tax return in 2013 for calendar year 2006, in violation of 26 U.S.C. § 7206(1). Count 4 charges Marrs with filing a false federal tax return in 2013 for calendar year 2007, in violation of 26 U.S.C. § 7206(1). Count 5 charges Marrs with filing a false federal tax return in 2013 for calendar year 2009, in violation of 26 U.S.C. § 7206(1). Count 6 charges Marrs with filing a false federal tax return in 2013 for calendar year 2010, in violation of 26 U.S.C. § 7206(1). Count 7 charges Marrs with obstructing or impeding the due administration of the tax laws, in violation of 26 U.S.C. § 7212(a). ECF 1 in Case '271. On April 18, 2018, a grand jury returned a superseding indictment against Marrs in Case '271, charging the same violations alleged in the original indictment, but with a correction in the text of Count 7 to conform to a change in the case law. ECF 51 in Case '271.

**B. Procedural History Regarding Defendant Marrs**

On July 20, 2017, Marrs was arrested pursuant to a warrant, had his initial appearance, arraignment, and detention hearing on both indictments, and was released on conditions. The Court scheduled trial for September 26, 2017. Marrs filed motions to continue both trials, which the Court granted. On November 20, 2017, Marrs filed motions to declare both cases complex (ECF 32) and motions to dismiss both cases (ECF 33). On December 14, 2017, the Court declared both cases complex, set both cases for trial on June 4, 2018 (with the order of which trial would proceed first to be determined at a later date), and found the continuances entered in each case constituted excludable delay pursuant to 18 U.S.C. § 3161(h)(7)(A). ECF 38.

On March 29, 2018, Marrs filed a motion to sever his trial in Case '267 from the trial of Cramer in that case. ECF 68. (Cramer filed a similar motion the day before. ECF 67.) On April 16, 2018, Marrs fired his counsel in both cases, Chief Deputy Federal Defender Stephen Sady. ECF 76. The Court appointed Paul Hood as Marr's new counsel in both cases. *Id*. As previously noted, a grand jury issued a superseding indictment in Case '271 on April 18, 2018.

PAGE 3 – OPINION AND ORDER

ECF 51 in Case '271. Marrs was arraigned on the superseding indictment on April 25, 2018. ECF 57 in Case '271. On May 24, 2018, at Cramer's unopposed request, the Court rescheduled the trial date in Case '267 from June 4 to June 14, 2018. ECF 82. (The Court also reset the trial date in Case '271 to June 14. ECF 58 in Case '271.)

On June 11, 2018, the Court denied Marrs's motion to dismiss Case '267 and denied in part and granted in part his motion to dismiss Case '271. ECF 86. On June 14, 2018, the Court held a status and scheduling conference, rather than a trial, in the two cases. ECF 91. At that status conference, the Court set a briefing and hearing schedule on the pending motions to sever in Case '267. *Id*. The Court also reset the trial of Case '267 and the trial of Case '271 for April 23, 2019 (again, with the precise order of which case would be tried first to be determined later). *Id*.

On July 6, 2018, Marrs, joined by Cramer, filed a motion requesting to withdraw their previously-filed motions to sever. ECF 95. The Court promptly granted Defendants' requests to withdraw their motions to sever. ECF 96. On August 8, 2018, both Cramer and Marrs filed a joint motion to allow hybrid counsel. ECF 97. On October 19, 2018, after conducting a hearing required under *Faretta v. California*, 422 U.S. 806 (1975), the Court granted in part both Defendants' motions for hybrid counsel. ECF 109; ECF 110. Also on October 19, 2018, both Cramer and Marrs requested additional time of almost three months to file substantive pretrial motions, which the Court allowed. ECF 108.

On January 9, 2019, the Court held a status and scheduling conference in both cases. After the Government, on the one hand, and both Defendants, on the other, disagreed over whether Case '267 should be tried before or after Case '271, the Court asked all parties whether both cases should be tried together on April 23, 2019, as though brought in a single indictment.

PAGE 4 – OPINION AND ORDER

*See* Fed. R. Crim. P. 13. Without waiving their objections based on speedy trial issues, Marrs and Cramer both expressly consented to trying Case '267 and Case '271 jointly on April 23, 2019, as did the Government. The Court agreed and scheduled both cases to be tried together in a 15-day jury trial commencing on April 23, 2019. The Court also set a final schedule for the filing of substantive pretrial motions. ECF 129.

**C. Procedural History Regarding Defendant Cramer**

Defendant Cramer was a fugitive for five months after the grand jury returned the indictment in Case '267, despite Cramer being aware of the charges and, as discussed below, even filing *pro se* several documents in that case shortly thereafter in which Cramer challenged the case against him. On December 8, 2017, local police in South Bend, Washington, arrested Cramer pursuant to a federal warrant. On December 11, 2017, Cramer had an initial appearance before U.S. Magistrate Judge Theresa L. Fricke, in the U.S. District Court for the Western District of Washington (Tacoma), pursuant to Fed. R. Crim. P. 5(c)(3). Judge Fricke appointed counsel for Cramer, had the prosecutor read the charges and penalties to Cramer, and set an identity and detention hearing. On December 14, 2017, Judge Fricke determined that Cramer was the person charged in the indictment, detained him, and ordered that he be transferred to the District of Oregon. As Cramer correctly asserts in his Motion, at neither hearing did Judge Fricke ask Cramer to plead to the charges.

On January 19, 2018, Cramer made an initial appearance in the District of Oregon (Eugene) before U.S. Magistrate Judge Thomas M. Coffin. Judge Coffin appointed counsel for Cramer, briefly advised Cramer of the charges against him, and ordered that Cramer be detained to ensure his appearance in federal court in Portland.

Cramer appeared before U.S. Magistrate Judge Stacie F. Beckerman in Portland on January 29, 2018, for a detention hearing and status conference. Judge Beckerman ordered that

PAGE 5 – OPINION AND ORDER

Cramer continue to be detained. On March 8, 2018, U.S. Magistrate Judge John V. Acosta conducted a review of Cramer's detention and continued to detain him as a flight risk. On March 20, 2018, the undersigned district judge held a status and scheduling conference in both cases, explained that the Court had previously designated both cases as complex, set the trial date in Case '267 for June 4, 2018, and found excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D), (6), and (7)(A). ECF 64.

As discussed above, on March 28, 2018, Cramer filed a motion in Case '267 to sever his trial from the trial of Marrs in that case. ECF 67. (As also previously noted, Marrs filed a similar motion on March 29, 2018. ECF 68.) At Cramer's unopposed request, the Court rescheduled trial from June 4 to June 14, 2018. ECF 82. On June 14, 2018, with the motions to sever still pending, the Court ordered Cramer's release on conditions and reset the trial of both cases to April 23, 2019. As also discussed above, on July 6, 2018, both Marrs and Cramer filed requests to withdraw their previously-filed motions to sever, which the Court promptly granted. After July 6, 2018, the rest of the proceedings regarding Cramer are as described above regarding Marrs.

## DISCUSSION

As previously noted, on October 19, 2018, the Court granted in part Cramer and Marrs's separate requests to proceed with hybrid counsel. Among other things, the Court allowed Cramer and Marrs to decide what motions to present, even if their counsel recommended otherwise. The Court, however, required that any motion by a Defendant actually be filed only by an attorney for that Defendant. Cramer's Motion, titled "Motion to Rescind Order of 12/14/17 and Motion to Dismiss with Prejudice" (which Marrs has joined), does not reflect the lawyerly craftsmanship that the Court has come to expect from Cramer's attorney, Robert Salisbury. The Court, nevertheless, will address and resolve the material points raised in the pending Motion.

**A. Complex Case Designation and the Hearing Held on December 14, 2017**

On November 20, 2017, Marrs, through his then-counsel, Stephen Sady, the Chief Deputy Federal Defender for the District of Oregon, filed a motion to declare both cases (Case '267 and Case '271) complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). ECF 32. The Government responded that it had no objection to Marrs's request. ECF 35. On December 14, 2017, the Court granted Marrs's request and declared both cases complex. ECF 38.

Cramer was not present at the status and scheduling conference held on December 14, 2017. As previously noted, Cramer had been a fugitive for five months after the indictment was issued. He was arrested by local police on December 8, 2017, in South Bend, Washington. On December 11, 2017, Cramer had his initial appearance before a U.S. Magistrate Judge in Tacoma, Washington, during which the prosecutor read the charges and penalties to Cramer, and the Court set an identity and detention hearing. On December 14, 2017, the U.S. Magistrate Judge determined that Cramer was the person charged in the indictment, detained him, and ordered that he be transferred to Oregon.

In the pending Motion, Cramer argues:

> If Cramer would have been brought to Portland, he could have been available for both co-defendants and their counsel to discuss the upcoming hearing in advance of the hearing on December 14, 2017 (Exhibit 5), thus impacting the complex case motion being considered at that hearing. Both co-defendants could have then attended the December 14th hearing on the Motion for Order to Declare Cases Complex and preserved their rights to speedy trial (Exhibit 5).

ECF 128 at 4.

Cramer was present at the court hearing held on March 20, 2018, his originally scheduled trial date. Cramer's counsel (Mr. Salisbury) argued that he had only been recently appointed, there was discovery that he still needed to review, that he needed an additional 60 days to

PAGE 7 – OPINION AND ORDER

prepare for trial, and that he anticipated filing a motion to sever. ECF 72 at 10-14. Cramer's counsel added, however, that his client did not waive his right to a speedy trial. *Id*. at 11 and 23-24. Toward the end of the hearing, the Government raised the issue of complex case designation. Then-counsel for Marrs (Mr. Sady) commented, "Your Honor, I think I filed such a motion fairly early on, and the Court granted it." ECF 72 at 36. The Court responded:

> THE COURT: That's my recollection too, but I have not given Mr. Cramer and his counsel an opportunity to be heard. So I have already designated both the 267 and 271 cases as complex. I think the best way to deal with that is to say that ruling stands for the time being. And if Mr. Cramer, through his counsel[,] wants me to reconsider that, he is welcome to file a motion. I will entertain any responses from both Defendant Marrs and the Government through counsel, and I'll deal with that if it [a]rises. But as of right now, it is designated as complex. *But, of course, since that took place before Mr. Cramer and his counsel were involved in this proceeding, you have leave to ask me to reconsider that, if you want to. But until then, this case is designated as complex.*

ECF 72 at 36-37 (emphasis added).

Until Cramer filed the pending Motion almost ninth months later, on December 27, 2018, asking the Court to rescind the complex case designation order entered on December 14, 2017, Cramer had not asked the Court to reconsider that ruling, despite the Court's express statement allowing him to do so. Cramer's request at this late date, as trial is approaching, is untimely. More significantly, Cramer's argument is without merit. Case '267, being a four-count, two-defendant conspiracy and tax evasion case, is complex under 18 U.S.C. § 3161(h)(7)(B)(ii). The Courts bases this conclusion on the time and attention needed for counsel responsibly to review complex tax filings and related electronic and paper discovery, as well as the presence of complicated legal, tax, and accounting issues. This portion of the pending Motion is denied.

B. Severance

Cramer argues that "[o]n March 20th, 2018 Judge Simon had a fiduciary duty to sever Cramer from Marrs because to continue to join them together put them both at prejudice (Exhibit 10)." ECF 128 at 1. In fact, on March 28 and 29, 2018, Cramer and Marrs, respectively, filed motions to sever the claims alleged against them in Case '267. ECF 67; ECF 68. On April 16, 2018, the Court set a briefing and hearing schedule on these motions. ECF 76. The Government timely responded, opposing severance. ECF 77. Cramer and Marrs requested an extension of time to reply, which the Court allowed. ECF 91. On July 6, 2018, well before the deadline that Cramer and Marrs had requested to reply, both Defendants asked the Court for leave to *withdraw* their motions to sever. ECF 95. The Court promptly granted Defendants' request. ECF 96.

Because Defendants withdrew their motions to sever, the Court did not rule upon those motions. Accordingly, Defendants have waived their argument that their trials should be severed in Case '267. Further, Defendants' motions for severance in Case '267 are without merit. As the Government persuasively argued in its opposition:

> When defendants are indicted together, the federal system evinces a preference for joint trials. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993). Indeed, the Ninth Circuit has stated that, "[c]o-defendants jointly charged are, prima facie, to be jointly tried." *United States v. Mariscal*, 939 F.2d 884, 885 (9th Cir. 1991) (quoting *United States v. Doe*, 655 F.2d 920, 926 (9th Cir. 1980)). *See also, United States v. Silla*, 555 F.2d 703, 707 (9th Cir. 1977) (holding that "compelling circumstances" generally required to show necessity of separate trial). The federal courts have repeatedly affirmed the principle that based upon the public interest, "[d]efendants jointly indicted ordinarily should be jointly tried." *United States v. Polizzi*, 801 F.2d 1543, 1553 (9th Cir. 1986); *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir.), *cert. denied* 449 U.S. 856 (1980). The rationale is that a joint trial expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, prevents randomly favoring the last-tried defendant who has the advantage of

> knowing the prosecutor's case before-hand, lessens the burdens
> upon citizens to sacrifice time and money to serve on juries, and
> avoids the necessity of recalling witnesses who would otherwise be
> called upon to testify only once. *United States v. Brady*, 579
> F.2d 1121, 1128 (9th Cir. 1978), *cert. denied* 439 U.S. 1074
> (1979); *see also, Zafiro*, 506 U.S. at 537; *United States v. Lane*,
> 474 U.S. 438 (1986); *United States v. Camacho*, 528 F.2d 464, 470
> (9th Cir. 1976); *Richardson v. Marsh*, 481 U.S. at 210. Joint trials
> also serve the interests of justice by avoiding inconsistent verdicts
> and enabling a more accurate assessment of guilt. *Zafiro*, 506 U.S.
> at 537; *Richardson*, 481 U.S. 200 at 209-10 (1987).
>
> The Ninth Circuit has found joint trials to be particularly
> compelling "where the co-defendants are charged with conspiracy,
> because the concern for judicial efficiency is less likely to be
> outweighed by possible prejudice to the defendants when much of
> the evidence would be admissible against each of them in separate
> trials." *United States v. Barragan*, 871 F.3d 689, 701-702 (9th Cir.
> 2017); *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir.
> 2004); *United States v. Cruz*, 127 F.3d 791, 799 (9th Cir. 1997),
> *abrogated on other grounds*, *United States v. Jimenez-Recio*, 123
> S. Ct. 819 (2003) (joinder of defendants for trial is "particularly
> appropriate" when the defendants are charged in a conspiracy
> count).

ECF 77 at 7-9. Moreover, Defendants have not shown any prejudice that would likely result from their being tried together in Case '267. This portion of the pending Motion is denied.

In addition, during the status conference held on January 9, 2019, the parties were presenting their respective arguments for whether Case '267 or Case '271 should be tried first. When the Court asked whether both cases should be tried together, as though brought in a single indictment, all parties agreed, and the Court so ordered. ECF 129. The Court does not construe anything in Cramer's Motion to imply that he (or Marrs) now wishes to withdraw their consent and have Case '267 tried separately from Case '271. Neither Defendant objects to trying both cases together, neither Defendant argues that any prejudice would result from trying both cases together, and the Court does not believe that any prejudice would result from trying both cases together. Nevertheless, if either Cramer or Marrs now believes that they would be prejudiced by

having Case '267 tried jointly with Case '271, they have leave promptly to call that to the attention of the Court. (If they do that in a timely manner and if the Court agrees, the Court would anticipate trying Case '271 first, promptly followed by the trial of Case '267.)

**C. Speedy Trial**

Cramer contends that his speedy trial rights were violated when he was initially brought before a U.S. Magistrate Judge in the Western District of Washington for his initial appearance on December 11, 2017, and then transferred by the U.S. Marshal Service to the District of Oregon for an initial appearance on January 19, 2018. Cramer also asserts that the delay of his trial beyond March 20, 2018, resulted in prejudice to him.

The Speedy Trial Act, 18 U.S.C. §§ 3161-3174, provides that a criminal defendant's trial must normally commence within 70 days of the filing of the indictment or the defendant's initial court appearance in the court in which the charges are pending, whichever is later. 18 U.S.C. § 3161(c)(1); *United States v. Nelson*, 137 F.3d 1094, 1109 (9th Cir. 1998). Certain periods of delay, however, are excluded from the calculation of the 70-day limit, including delays resulting from any proceeding related to the transfer of a case from another district under the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3161(h)(1)(E). In addition, the speedy trial clock starts running after the indictment or arraignment (whichever comes last) of the *last* defendant in a multi-defendant case. *See* 18 U.S.C. §§ 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted."); *Henderson v. United States*, 476 U.S. 321, 323, n.2 (1986) ("All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant."); *United States v. Morales*, 875 F.2d 775, 776 (9th Cir. 1989) (stating that if several defendants are joined, the 70-day limit is measured from the date the last co-defendant is arraigned).

PAGE 11 – OPINION AND ORDER

Cramer first appeared in the District of Oregon on January 19, 2018. Thus, the speedy trial clock in Case '267 began to run for both Cramer and Marrs on that date. Each time Cramer or Marrs filed motions, asked that the cases be declared complex, or requested continuances, the Court found excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161 (h)(1)(D), (6), and (7)(A), up to the current trial date of April 23, 2019. ECF Nos. 22, 38, 64, 91. In addition, there are still 17 pending motions filed by Cramer or Marrs that are awaiting final briefing and decision. *See* ECF Nos. 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 149, 151, 152, 153, and 153, Accordingly, this case is well within the boundaries of the Speedy Trial Act, and Defendants' arguments that their speedy trial rights under that statute have been violated are without merit.

Similarly, there has been no violation of Defendants' constitutional speedy trial rights under the Sixth Amendment. The Supreme Court has explained that the right to a speedy trial is not defined by precise timelines, but shall be decided on a case-by-case basis. *Beavers v. Haubert*, 198 U.S. 77, 87 (1905) ("The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances."). In *Barker v. Wingo*, the Supreme Court stated the following standard for evaluating claims of violation of the constitutional guarantee of a speedy trial:

> A balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

407 U.S. 514, 530 (1972). The Court has performed the required case-specific balancing.

Regarding the length of delay, 21 months will have passed between the filing of the indictments in these two cases and the trial date of April 23, 2019. (Further, only 16 months will

PAGE 12 – OPINION AND ORDER

have passed between Cramer's apprehension in December 2017 and trial in April 2019.) After applying the *Barker* balancing test, the Supreme Court and the Ninth Circuit have held that similar—and even longer—delays have not violated the Sixth Amendment. *See, e.g., United States v. Loud Hawk*, 474 U.S. 302 (1986) (finding no violation of speedy trial right despite 90-month delay); *United States v. Gregory*, 322 F.3d 1157 (9th Cir. 2003) (holding that a 22-month delay between indictment and trial did not violate right to speedy trial); *United States v. Manning*, 56 F.2d 1188 (9th Cir. 1995) (concluding that a 30-month delay between indictment and trial did not violate right to speedy trial); *United States v. Aguirre*, 994 F.2d 1454 (9th Cir. 1993) (noting that a five-year delay did not deprive the defendant of his constitutional right to a speedy trial when all of the *Barker* factors were balanced); *United States v. Beamon*, 992 F.2d 1009 (9th Cir. 1993) (finding a delay of 20 months did not violate the Sixth Amendment).

Regarding the reasons for the delay, the Court notes that the pending cases are complex, as the Court previously has so found at the explicit request of Marrs. Case '267 involves two defendants and includes allegations of conspiracy, tax evasion, and filing false income tax returns. Case '267 also has voluminous electronic and paper discovery. In addition, both Cramer and Marrs have filed numerous motions, including the later-withdrawn motion to sever. Further, Marrs fired his original counsel (Chief Deputy Federal Defender Sady), and both Cramer and Marrs requested and received hybrid counsel, which required the Court to hold a *Faretta* hearing. All of these factors have contributed to the present delay.

Regarding Defendants' assertions of their rights to a speedy trial, Defendants' position has been somewhat inconsistent. For example, at the status and scheduling conference held on March 20, 2018, the Court set a tentative trial date of June 4, 2018, and a briefing schedule for the filing of motions and responses. During that conference, Cramer's counsel, Mr. Salisbury,

asserted Cramer's right to a speedy trial, while at the same time stating that because he was newly appointed to the matter he needed additional time to understand the case and review the discovery before he could proceed to trial. ECF 64; ECF 72 at 10-12 (transcript). Similarly, both Chief Deputy Federal Defender Sady (Marrs's initial counsel) and Paul Hood (Marrs's attorney after Marrs fired Mr. Sady) previously expressed the need to have additional time to review the electronic and paper discovery in this matter, investigate the complex issues involved in the two cases, and prepare for trial involving complex charges of tax fraud, conspiracy, and obstruction.

Regarding prejudice, Defendants assert that they have been prejudiced because they are businessmen who cannot operate their businesses pending trial and that their reputations have suffered. Neither Defendant, however, offers any specific evidence of harm to his business or reputation. Indeed, any harm to Cramer's reputation appears to be largely the result of his own actions. In July 2017, Cramer appears to have been fully aware of the indictment in Case '267 and the warrant for his arrest, yet he chose to evade apprehension for five months. Upon his arrest on December 8, 2017, Cramer initially was detained as a flight risk because of this behavior. On June 14, 2018, the undersigned released Cramer on conditions. Thus, any damage to Cramer's reputation or his business is mostly of his own making.

Cramer also argues that his girlfriend, Melba Spotswood, was available to testify on March 20, 2018, but she "became no longer available to testify after that date when the government sent her a target letter on May 2018." ECF 128 at 11. According to Cramer, Ms. Spotswood "was a key witness who was lost to the defense, for both Cramer and Marrs, after the erroneous March 20, 2018 finding of excludable delay." *Id*. at 11-12. In his reply, Cramer explains:

> On March 20, 2018, Ms. Spotswood was an important defense
> witness to the "willfulness" element required to be proven by the

> government in this case. Ms. Spotswood lived with Mr. Cramer
> and was present as an essential witness to Mr. Cramer's
> interactions with the Internal Revenue Service (IRS) over the years
> and had interactions herself with IRS agents directly involved in
> this case. After the Trial was postponed on March 20, 2018,
> Ms. Spotswood was not available as a witness because the
> government threatened her with criminal prosecution and she
> invoked her Fifth Amendment right not to incriminate herself.

ECF 157 at 7. The "target letter" referenced by Cramer that the Government sent to Ms. Spotswood is dated May 7, 2018. ECF 127-15.

Cramer's description of prejudice regarding Ms. Spotswood is speculative. Based on the case history previously described, Case '267 was not going to be tried before June 2018, at the earliest. On November 20, 2017, Marrs filed motions to declare both cases complex (ECF 32) and motions to dismiss both cases (ECF 33). On December 14, 2017, the Court declared both cases complex, set both cases for trial on *June 4, 2018*, and found the continuances entered in each case constituted excludable delay pursuant to 18 U.S.C. § 3161(h)(7)(A). ECF 38. By March 20, 2018, Defendant Marrs's motion to dismiss still had not been fully briefed, let alone decided. Also, trial was not even scheduled to begin until June 4, 2018.

Moreover, at the March 20, 2018 status and scheduling conference, Cramer's counsel, Mr. Salisbury, told the Court that he had only been recently appointed, there was electronic discovery that he still needed to review, that he needed an additional 60 days to prepare for trial, and that he anticipated filing a motion to sever. ECF 72 at 11-14. Cramer's motion to sever was filed eight days later, on March 28, 2018. ECF 67. It was not until July 6, 2018 that Defendants requested that their motion to sever be withdrawn. ECF 95. Thus, the fact that Ms. Spotswood was available to testify on March 20, 2018, but became "unavailable" after receiving the Government's target letter dated May 7, 2018, is insufficient to show prejudice.

Marrs also claims that he was prejudiced because there was a delay in bringing Cramer to Oregon for his initial appearance on the indictment, and, as a consequence, Marrs unwittingly agreed to the designation of both cases as complex. Marrs, however, was represented at that hearing by Chief Deputy Federal Defender Sady, who expressly requested that the Court designate both cases as complex, which the Court did. Moreover, the Court designated both cases as complex under 18 U.S.C. § 3161(h)(7)(A), which permits the Court, on its own motion, to grant a continuance upon finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court so found.

The Court has considered and balanced each of the *Barker* factors as discussed above. In addition, the Court finds that throughout both Case '267 and Case '271, the Government has acted in good faith and has not unreasonably caused or contributed to any material delay. Therefore, in the Court's evaluation, there has been no violation of Defendants' constitutional right to a speedy trial. This portion of the pending Motion is denied.

**D. Arraignment of Defendant Cramer**

Cramer also contends that he was never properly arraigned. Rule 10 of the Federal Rules of Criminal Procedure provides that an arraignment must be conducted in open court and shall consist of: "(1) ensuring that the defendant has a copy of the indictment or information; (2) reading the indictment or information to the defendant or stating to the defendant the substance of the charge; and then (3) asking the defendant to plead to the indictment or information." Fed. R. Crim. P. 10(a).

As discussed above, Cramer was arrested by police in South Bend, Washington on December 8, 2017, after having been a fugitive for five months. On December 11, 2017, Cramer had an initial appearance before Judge Fricke in Tacoma. Judge Fricke appointed counsel for

PAGE 16 – OPINION AND ORDER

Cramer, had the prosecutor read the charges and penalties to Cramer, and set an identity and detention hearing. On December 14, 2017, Judge Fricke determined that Cramer was the person charged in the indictment, detained him, and ordered that he be transferred to Oregon. On January 19, 2018, Cramer made his initial appearance on the indictment in the District of Oregon before Judge Coffin, who appointed counsel for Cramer, briefly advised Cramer of the charges against him in the indictment, detained him, and ordered that he be transferred to Portland.

As previously noted, the grand jury returned the indictment in Case '267 against Cramer and Marrs on July 18, 2017. ECF 1. Eight days later, on July 26, 2017, Cramer filed in Case '267 a document that he titled, "Public Notice of Entry and Special Appearance." ECF 13. To that document, Cramer attached a "General Affidavit," in which he stated:

> 1. I am here for this matter to correct a mistake for it is my conviction that ALL my rights come from my Creator, not from man, and stand inalienable;
>
> 2. All governments exist to protect and defend these rights;
>
> 3. Furthermore, it is my conviction that I am the Beneficiary of the Legal Person/Entity known as GARY NEAL CRAMER, et al., a CESTUI QUE Trust created by way of operation of Law, and that the ST ATE OF OREGON stands as Trustee in service of this property and as no one is obliged to accept a benefit against his consent, I hereby waive any compelled benefits and deny being surety, belligerent, heathen, public servant, United States citizen and/or citizen of the United States and/or inhabitant of the United States and/or subject of the Crown;
>
> 4. Furthermore, I deny there exists a valid conscionable contract in force and deny operating in commerce for hire, profit and/or gain and accept the self-evident truth that there fails to exist a claim stated of which would underwrite any relief sought;
>
> 5. Therefore, it is my conviction that any enforcement of any Statutory Regulations are done so in violation of Natural Law and instruct the public trustee to extinguish this matter ab initio and without delay.

ECF 13 at 3.

On August 3, 2017, Cramer also filed in Case '267 a document that he titled, "Praecipe for Order of Special Deposit." ECF 17. In that document, Cramer stated, among other things:

> 1. That the freedoms and immunities of Minister Gary Neal Cramer as beneficiary of GARY NEAL CRAMER are being restrained by the presumption of death and administration of the estate thereof.
>
> 2. That Minister Gary Neal Cramer as beneficiary of GARY NEAL CRAMER is being detained under the presumption that he is an enemy or belligerent under the Trading with the Enemy Act of 1917, modified by Proclamation 2039 and 2040, making the people of the United States enemies, and their transactions subject to regulation thereunder.

ECF 17 at 1; *see also* ECF 16. Further, the Government represents that when Cramer was arrested in December 2017, an electronic copy of the indictment in Case '267 was located in Cramer's computer. ECF 148 at 7 n.2.

As Cramer correctly asserts, he was not arraigned in strict compliance with Rule 10 of the Federal Rules of Criminal Procedure. Although the substance of the charges was stated to Cramer, the Magistrate Judges before whom he appeared did not ensure that Cramer actually had a copy of the indictment and they did not expressly ask Cramer to plead to the charges. Cramer, however, was represented by counsel at all hearings.

To support an argument that a conviction should be vacated, a defendant must show prejudice resulting from a court's failure to follow Rule 10. *United States v. Romero*, 640 F.2d 1014, 1015 (9th Cir. 1980), citing *Garland v. Washington*, 232 U.S. 642 (1914). From this authority, the Court concludes that a defendant also must show prejudice resulting from a court's failure to follow Rule 10 to support an argument that charges should be dismissed with prejudice. As explained by the Ninth Circuit, "What is necessary is that defendant know what he is accused of and be able to adequately defend himself." *Romero*, 640 F.2d at 1015. When Cramer appeared

before Judge Fricke and again when he appeared before Judge Coffin, these judges ensured that Cramer was advised of the charges against him and was represented by counsel.

Even though Cramer appears to have had an electronic copy of the indictment since shortly after it was returned by the grand jury, the Magistrate Judges before whom he appeared failed to ensure that Cramer actually had a copy of the indictment. The Magistrate Judges also failed to ask Cramer expressly to plead to the charges alleged in the indictment. Instead, they simply treated him as having pleaded not guilty. Cramer, who was represented by counsel at these hearings (*see* ECF Nos. 127-3, 127-4, and 127-7), has not shown any prejudice resulting from these particular deficiencies in following Rule 10. The Court, thus, declines to dismiss the charges against Cramer on these grounds. This portion of the pending Motion is denied.

The Court, however, intends at the next hearing at which Cramer personally appears: (1) to hand Cramer a copy of the indictment in Case '267; (2) to ask Cramer whether he wants the Court to read the charges aloud; and (3) to ask Cramer to plead to the charges alleged against him. In the absence of any prejudice, this will sufficiently cure the prior failures strictly to comply with the letter of Rule 10.

## CONCLUSION

Defendant Cramer's motion titled "Motion to Rescind Order of 12/14/17 and Motion to Dismiss with Prejudice" (ECF 127), which Defendant Marrs has joined (ECF 130), is DENIED. In addition, because the Court does not believe that oral argument is likely to be helpful or that an evidentiary hearing is needed, the hearing scheduled for February 22, 2019 is STRICKEN.

**IT IS SO ORDERED.**

DATED this 6th day of February, 2019.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 19 – OPINION AND ORDER