# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **GARY NEIL CRAMER**, and **THERON J. MARRS**, <br><br>        Defendants. | Case No. 3:17-cr-267-SI |
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **THERON J. MARRS**, <br><br>        Defendant. | Case No. 3:17-cr-271-SI |

**OPINION AND ORDER ON DEFENDANTS' MOTIONS
OTHER THAN TO SUPPRESS OR EXCLUDE EVIDENCE**

**Michael H. Simon, District Judge.**

Gary Neil Cramer ("Cramer") and Theron J. Marrs ("Marrs") are Defendants in *United States v. Cramer and Marrs*, Case No. 3:17-cr-267-SI ("Case '267"). Marrs also is a Defendant (indeed, the only Defendant) in *United States v. Marrs*, Case No. 3:17-cr-271-SI ("Case '271"). With the express consent of all parties, and pursuant to Rule 13 of the Federal Rules of Criminal

Procedure, both cases will be tried together, as though brought in a single indictment. ECF 129.[1] The Court has scheduled trial to commence on April 23, 2019.[2]

In Case '267, Cramer and Marrs have filed the following motions, among others: (1) "Motion to Dismiss Indictment—Statute of Limitations and Due Process" (ECF 137); (2) "Motion for Show Cause Hearing" (ECF 139); (3) "Request for Disclosure Pursuant to Rule 6(e) and the U.S. Constitution" (ECF 140); (4) "Motion to Determine the Subject Matter Jurisdiction of the Court" (ECF 145);[3] (5) "Motion to Dismiss for Lack of Standing Under [Fed. R. Civ. P] 12(b)(1) and 12(b)(6)" (ECF 146);[4] (6) "Motion for Disclosure of Grand Jury Materials" (ECF 151);[5] (7) "Mandatory Judicial Notice of H.R. 1 and Jurisdiction" (ECF 152);[6] and (8) "Motion for Bill of Particulars" (ECF 154).[7] After reviewing the parties' written submissions, the Court does not believe that oral argument is likely to be helpful or that either an evidentiary or show cause hearing is needed. For the reasons that follow, these motions are denied.

## BACKGROUND

### A. The Indictments

On July 18, 2017, a grand jury returned a four-count indictment against Cramer and Marrs in Case '267. Count 1 charges both Cramer and Marrs with conspiracy to defraud the

---

[1] Unless otherwise stated, all references to electronic case file ("ECF") docket numbers are based on Case '267.

[2] Although both Cramer and Marrs have expressly agreed that both cases may be tried together, they have not waived their respective rights to a speedy trial.

[3] In Case '271, Marrs filed a virtually identical motion. *See* ECF 81 in Case '271.

[4] In Case '271, Marrs filed a virtually identical motion. *See* ECF 80 in Case '271.

[5] In Case '271, Marrs filed a virtually identical motion. *See* ECF 85 in Case '271.

[6] In Case '271, Marrs filed a virtually identical motion. *See* ECF 86 in Case '271.

[7] In Case '271, Marrs filed a similar motion. *See* ECF 88 in Case '271.

United States, in violation of 18 U.S.C. § 371. Count 2 charges only Cramer with evasion of payment of taxes, in violation of 26 U.S.C. § 7201. Count 3 charges only Cramer with filing a false federal tax return in 2014 for calendar year 2013, in violation of 26 U.S.C. § 7206(1). Count 4 charges only Marrs with aiding and assisting in the filing of a false federal tax return in 2014 for calendar year 2013, in violation of 26 U.S.C. § 7206(2). ECF 1.

Also on July 18, 2017, a grand jury returned a seven-count indictment against only Marrs in Case '271. Count 1 charges Marrs with evasion of payment of taxes, in violation of 26 U.S.C. § 7201. Count 2 charges Marrs with filing a false federal tax return in 2013 for calendar year 2005, in violation of 26 U.S.C. § 7206(1). Count 3 charges Marrs with filing a false federal tax return in 2013 for calendar year 2006, in violation of 26 U.S.C. § 7206(1). Count 4 charges Marrs with filing a false federal tax return in 2013 for calendar year 2007, in violation of 26 U.S.C. § 7206(1). Count 5 charges Marrs with filing a false federal tax return in 2013 for calendar year 2009, in violation of 26 U.S.C. § 7206(1). Count 6 charges Marrs with filing a false federal tax return in 2013 for calendar year 2010, in violation of 26 U.S.C. § 7206(1). Count 7 charges Marrs with obstructing or impeding the due administration of the tax laws, in violation of 26 U.S.C. § 7212(a). ECF 1 in Case '271. On April 18, 2018, a grand jury returned a superseding indictment against Marrs in Case '271, charging the same violations alleged in the original indictment, but with a correction in the text of Count 7 to conform to a change in the case law. ECF 51 in Case '271.

**B. Procedural History Regarding Defendant Marrs**

On July 20, 2017, Marrs was arrested pursuant to a warrant, had his initial appearance, arraignment, and detention hearing on both indictments, and was released on conditions. The Court scheduled trial for September 26, 2017. Marrs filed motions to continue both trials, which the Court granted. On November 20, 2017, Marrs filed motions to declare both cases complex

(ECF 32) and motions to dismiss both cases (ECF 33). On December 14, 2017, the Court declared both cases complex, set both cases for trial on June 4, 2018 (with the order of which trial would proceed first to be determined at a later date), and found the continuances entered in each case constituted excludable delay pursuant to 18 U.S.C. § 3161(h)(7)(A). ECF 38.

On March 29, 2018, Marrs filed a motion to sever his trial in Case '267 from the trial of Cramer in that case. ECF 68. (Cramer filed a similar motion the day before. ECF 67.) On April 16, 2018, Marrs fired his counsel in both cases, Chief Deputy Federal Defender Stephen Sady. ECF 76. The Court appointed Paul Hood as Marrs's new counsel in both cases. *Id*. As previously noted, a grand jury issued a superseding indictment in Case '271 on April 18, 2018. ECF 51 in Case '271. Marrs was arraigned on the superseding indictment on April 25, 2018. ECF 57 in Case '271. On May 24, 2018, at Cramer's unopposed request, the Court rescheduled the trial date in Case '267 from June 4 to June 14, 2018. ECF 82. (The Court also reset the trial date in Case '271 to June 14. ECF 58 in Case '271.)

On June 11, 2018, the Court denied Marrs's motion to dismiss Case '267 and denied in part and granted in part his motion to dismiss Case '271. ECF 86. On June 14, 2018, the Court held a status and scheduling conference, rather than a trial, in the two cases. ECF 91. At that status conference, the Court set a schedule on the pending motions to sever in Case '267. *Id*. The Court also reset the trial of Case '267 and the trial of Case '271 for April 23, 2019 (again, with the order of which case would be tried first to be determined later). *Id*.

On July 6, 2018, Marrs, joined by Cramer, filed a motion requesting to withdraw their previously-filed motions to sever. ECF 95. The Court promptly granted Defendants' requests to withdraw their motions to sever. ECF 96. On August 8, 2018, both Cramer and Marrs filed a joint motion to allow hybrid counsel. ECF 97. On October 19, 2018, after conducting a hearing

required under *Faretta v. California*, 422 U.S. 806 (1975), the Court granted in part both Defendants' motions for hybrid counsel. ECF 109; ECF 110. Also on October 19, 2018, *both Cramer and Marrs requested additional time of almost three months to file substantive pretrial motions*, which the Court allowed. ECF 108.

On January 9, 2019, the Court held a status and scheduling conference in both cases. After the Government, on the one hand, and both Defendants, on the other, disagreed over whether Case '267 should be tried before or after Case '271, the Court asked all parties whether both cases should be tried together on April 23, 2019, as though brought in a single indictment. *See* Fed. R. Crim. P. 13. Without waiving their objections based on speedy trial issues, Marrs and Cramer both expressly consented to trying Case '267 and Case '271 jointly on April 23, 2019, as did the Government. The Court agreed and scheduled both cases to be tried together in a 15-day jury trial commencing on April 23, 2019. The Court also set final deadlines for filing and responding to substantive pretrial motions. ECF 129.

**C. Procedural History Regarding Defendant Cramer**

Defendant Cramer was a fugitive for five months after the grand jury returned the indictment in Case '267, despite Cramer being aware of the charges and, as discussed below, even filing *pro se* several documents in that case shortly thereafter in which Cramer challenged the case against him. On December 8, 2017, local police in South Bend, Washington, arrested Cramer pursuant to a federal warrant. On December 11, 2017, Cramer had an initial appearance before U.S. Magistrate Judge Theresa L. Fricke, in the U.S. District Court for the Western District of Washington (Tacoma), pursuant to Fed. R. Crim. P. 5(c)(3). Judge Fricke appointed counsel for Cramer, had the prosecutor read the charges and penalties to Cramer, and set an identity and detention hearing. On December 14, 2017, Judge Fricke determined that Cramer was the person charged in the indictment, detained him, and ordered that he be transferred to the

District of Oregon. As Cramer correctly asserts in his Motion, at neither hearing did Judge Fricke ask Cramer to plead to the charges.

On January 19, 2018, Cramer made an initial appearance in the District of Oregon (Eugene) before U.S. Magistrate Judge Thomas M. Coffin. Judge Coffin appointed counsel for Cramer, briefly advised Cramer of the charges against him, and ordered that Cramer be detained to ensure his appearance in federal court in Portland.

Cramer appeared before U.S. Magistrate Judge Stacie F. Beckerman in Portland on January 29, 2018, for a detention hearing and status conference. Judge Beckerman ordered that Cramer continue to be detained. On March 8, 2018, U.S. Magistrate Judge John V. Acosta conducted a review of Cramer's detention and continued to detain him as a flight risk. On March 20, 2018, the undersigned district judge held a status and scheduling conference in both cases, explained that the Court had previously designated both cases as complex, set the trial date in Case '267 for June 4, 2018, and found excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D), (6), and (7)(A). ECF 64.

As discussed above, on March 28, 2018, Cramer filed a motion in Case '267 to sever his trial from the trial of Marrs in that case. ECF 67. (As also previously noted, Marrs filed a similar motion on March 29, 2018. ECF 68.) At Cramer's unopposed request, the Court rescheduled trial from June 4 to June 14, 2018. ECF 82. On June 14, 2018, with the motions to sever still pending, the Court ordered Cramer's release on conditions and reset the trial of both cases to April 23, 2019. As also discussed above, on July 6, 2018, both Marrs and Cramer filed requests to withdraw their previously-filed motions to sever, which the Court promptly granted. After July 6, 2018, the rest of the proceedings regarding Cramer are as described above regarding Marrs.

**DISCUSSION**

As previously noted, on October 19, 2018, the Court granted in part Cramer and Marrs's separate requests to proceed with hybrid counsel. Among other things, the Court allowed Cramer and Marrs to decide what motions to present, even if their counsel recommended otherwise. The Court, however, required that any motion by a Defendant be filed only by an attorney for that Defendant. Defendants' motions do not reflect the lawyerly craftsmanship, precision, and legal analysis that the Court has come to expect from the attorneys representing Cramer and Marrs. The Court, nevertheless, will address and resolve the material points raised in Defendants' motions.

**A. Motion to Dismiss Indictment—Statute of Limitations and Due Process (ECF 137)**

Defendant Cramer argues that the charges against him should be dismissed because the government "fails to allege affirmative acts of evasion which occurred within the six year statute of limitations as required by 26 USC §6531." ECF 137 at 1. Cramer adds that the Internal Revenue Service "deliberately delayed the case for over seven years (2007-2014)" in violation of his due process rights. *Id.*

An indictment alleging tax evasion in violation of 26 U.S.C. § 7201 is timely so long as it is brought within six years of the last affirmative act of evasion. 26 U.S.C. § 6531(2); *United States v. Carlson*, 235 F.3d 466, 470 (9th Cir. 2000); *United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987) (affirmative acts within six years prior to indictment made it timely although taxes evaded were due and payable more than six years before the indictment). As defined by the Supreme Court, an affirmative act of evasion is any act "the likely effect of which would be to mislead or conceal." *Spies v. United States*, 317 U.S. 492, 499 (1943). The government need only show one affirmative act of evasion for a count of tax evasion. *United*

States v. Thompson*, 518 F.3d 832, 853 (10th Cir. 2008); *United States v. Conley*, 826 F.2d 551, 556 (7th Cir. 1987). Whether a defendant committed affirmative acts of evasion within the six-year period before the date of an indictment raises a mixed question of fact and law, and "a valid indictment provides the government with the opportunity to present evidence at trial that the affirmative acts occurred in the time frame that allows for conviction within the applicable statute of limitations as lawfully extended." *United States v. Jensen*, 690 F. Supp. 2d 901, 910 (D. Alaska 2010).

In Case '267, Count 2 alleges that Cramer, beginning in or about 2006 and continuing through in or about July 18, 2017, evaded the payment of his federal income taxes for calendar year 2001 and committed a number of affirmative acts of evasion. The Internal Revenue Service audited Cramer's federal income taxes for 2001, 2002, 2003, and 2004, beginning in November 2005. Cramer had not filed any federal income tax returns for those years, and, in September 2006, in the middle of the audit, Cramer filed delinquent federal income tax returns for those years, self-assessing federal income taxes due and owing for those years.

The government contends that Cramer's affirmative acts occurred within six years of July 18, 2017, including Cramer's mailing of allegedly harassing and frivolous documents in February 2016 and concealing facts relating to Cramer's home through the use of a nominee entity beginning in May 2015. The government also contends that Cramer's use of fraudulent bonds, bills of exchange, and money orders continued through June 2013 and that his use of businesses and nominee entities to conceal assets and financial transactions continued through November 2017. The government further contends that Cramer filed false federal income tax returns for 2011, 2012, and 2013 and filed false Form 1099s in April 2014 and again filed a false 2013 federal income tax return in October 2014. Based on these contentions, among others,

the charges against Cramer were timely brought, and the government may present its evidence to a jury.

**B. Motion for Show Cause Hearing (ECF 139)**

Defendant Cramer argues that "the use of trickery and deception is intended in Title 26 U.S.C. throughout the federal tax code to <u>only suggest that all</u> Americans are required to pay the federal income tax and be subject to the jurisdiction, irrespective of whether one worked as a federal employee or in the private sector. This is a presumption not proven on the record." ECF 139 at 2 (emphasis in original). Cramer adds: "As will be seen this is a fallacy which is wholly incorrect. No such language like this exists in the tax code and for good reason; U.S. laws are enforceable only in Washington D.C. and U.S. territories. Thus, the <u>federal income tax and it's related codes are NOT applicable across the board to all the American people</u>, with some minor exceptions." *Id*. (emphasis in original). Cramer concludes:

> The Assistant U.S. Attorney, U.S. District Court Judge, Judge Simon, Judge Acosta, and the inciting I.R.S. agents who is responsible for creating this fraudulent issue, shall, absent a showing of a hazard bond, be individually and personally liable for any and all damages to me resulting from your actions in this fraudulent matter.

*Id*. at 12.

To the extent that Cramer argues that the Court lacks jurisdiction because he is not a taxpayer, because wages are not income, or because the Sixteenth Amendment, as ratified, does not permit a direct non-apportioned income tax that allows him to be taxed, numerous courts have held that such arguments are frivolous. *See, e.g. United States v. Nelson (In re Becraft)*, 885 F.2d 547, 548 (9th Cir. 1989) (holding that the Sixteenth Amendment authorizes a direct non-apportioned income tax, and U.S. citizens are subject to federal income tax laws); *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) (holding that the defendant's argument that she is

not a taxpayer because she is an "absolute, freeborn and natural individual" is frivolous, and individuals are persons under federal income tax laws); *United States v. Olson*, 760 F.2d 1003, 1005 (9th Cir. 1985) (holding that the defendant's claim that wages are not income is frivolous); *Lovell v. United States*, 755 F.2d 571 (7th Cir. 1984) (holding that the defendant is a person for federal income tax purposes, that the Sixteenth Amendment permits a direct non-apportioned income tax, and that wages are income for federal income tax purposes); *United States v. Romero*, 650 F.2d 1014, 1016 (9th Cir. 1981) (holding that the Sixteenth Amendment authorizes an income tax, that wages are income, and that the defendant is a person for federal income tax purposes). Accordingly, Cramer's motion, including his request for a show cause hearing, is denied.

**C. Request for Disclosure Pursuant to Rule 6(e) and the U.S. Constitution (ECF 140)**

Defendant Cramer asserts that he has "firsthand knowledge and factual evidence in which grounds exist for an immediate motion to dismiss the indictment, because of specific matters that occurred or failed to occur before the Grand Jury, regarding purported indictments that resulted in the above captioned case numbers." ECF 140 at 1-2. He does not, however, identify those "specific matters." Instead, he requests

> information under Criminal Rule 6E, in order to determine what went on before the grand jury, by parties having firsthand knowledge of an actual crime vs a civil commercial crime per 27 CFR 72.11. Named defendant requires disclosure as to what was presented before the grand jury, including full disclosure of all the elements criminal intent required to be met, supported with authenticated evidence of each element, and verified with testimony of a damaged party. It is believed by named defendant, this case was in retaliation in the filing a complaint by co-defendant or other due process efforts taken previously in order to challenge or determine the authority of all officers involved with in any administrative or judicial procedures, including the Commissioner of the IRS, in which Requester/Movant is now being retaliated against for demanding my rights afforded me by

>     the Constitution of the United States, the Constitution of Oregon or
>     Washington, and the Bill of Rights.

*Id*. at 2. Based on these allegations, Cramer requests from the grand jury's materials "Stenographer's Recordings, Foreman's Notes, Polling of the Grand Jury, [and] Legal Christian Name of every Juror adequate for discovery subpoenas if their testimony is needed in this matter." *Id*. at 3.

In *Douglas Oil Co. of Cal. v. Petrol Stops Nw*., 441 U.S. 211, 218 (1979), the United States Supreme Court explained that the rule of grand jury secrecy has been an integral part of our criminal justice system and our federal common law since the seventeenth century. Federal Rule of Criminal Procedure 6(e) codified the principle of grand jury secrecy. *Id*. at 218 n.9. Although matters occurring before a grand jury are generally secret, courts have recognized a right of public access to ministerial grand jury records. *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778, 780-81 (9th Cir. 1984). The Ninth Circuit defined "ministerial" records as those that relate to the "procedural aspects of the impaneling and operation" of the grand jury rather than those that relate to the substance of the grand jury's investigation. *Id*. at 779 n.1. The court emphasized that disclosure of grand jury records must not defeat the purposes underlying Rule 6(e), including to: "(1) prevent the escape of prospective indictees, (2) insure the grand jury of unfettered freedom in its deliberations, (3) impede the subornation of perjury and tampering of witnesses by targets of the investigation, (4) encourage forthrightness in witnesses without fear of retaliation, and (5) act as a shield for those who are exonerated by the grand jury." *Id*. at 782-83. In other words, disclosures of grand jury matters should not undermine the "legitimate interests of the government, grand jurors, or other persons connected with the grand jury proceedings." *United States v. Diaz*, 236 F.R.D. 470, 476 (N.D. Cal. 2006) (citing *Special Grand*

*Jury*, 674 F.2d at 782 n.4). A defendant, however, may gain access to non-ministerial records upon a showing of a particularized need. *Douglas Oil*, 441 U.S. at 221; *Diaz*, 236 F.R.D. at 480.

Cramer's request for the grand jury foreperson's notes, polling information, and the names of the grand jurors are substantive, not ministerial. Thus, they are protected by the principles of grand jury secrecy. *Special Grand Jury*, 674 F.2d at 780-82 (explaining that a grand jury's notes, voting records, and the names of grand jurors are all protected from disclosure under the grand jury secrecy doctrine). In addition, Cramer has failed to identify any particularized need for these records. Finally, to the extent that Cramer requests any stenographer's recordings, the government represents that it will timely provide in advance of trial a copy of any transcript of any witness's testimony before the grand jury if the government intends to call that person as a witness at trial. That is sufficient.

D. **Motion to Determine the Subject Matter Jurisdiction of the Court (ECF 145 in Case '267; ECF 81 in Case '271)**

Defendants Cramer and Marrs argue under Rule 12(b)(2) of the Federal Rules of Criminal Procedure that the Court lacks subject matter jurisdiction over both Case '267 and Case '271. Defendants assert that these two cases are brought "to enforce the operational practices of the Internal Revenue Service." Defendants' are incorrect. These cases are federal criminal cases brought after a grand jury returned indictments against Defendants Cramer and Marrs in Case '267 and against Defendant Marrs in Case '271. In these indictments, the grand jury alleged offenses against the laws of the United States.

Congress provided original subject matter jurisdiction to federal district courts in 18 U.S.C. § 3231. That statute reads, in relevant part: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of

the United States." 18 U.S.C. § 3231. Accordingly, this Court has subject matter jurisdiction over the two pending criminal cases.

E. **Motion to Dismiss for Lack of Standing Under [Fed. R. Civ. P] 12(b)(1) and 12(b)(6) (ECF 146 in Case '267; ECF 80 in Case '271)**

Defendants Cramer and Marrs argue under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure that the United States lacks "standing" to brings these criminal actions against these Cramer and Marrs. Defendants mistakenly invoke the Federal Rules of Civil Procedure and the law governing standing to bring a civil lawsuit. Rule 1 of the Federal Rules of Civil Procedure reads, in relevant part: "These rules govern the procedure in all *civil actions and proceedings* in the United States district courts, except as stated in Rule 81." Fed. R. Civ. P. 1 (emphasis added). The pending cases actions, however, are criminal cases brought under 18 U.S.C. § 3231. Neither the Federal Rules of Civil Procedure nor the law governing standing to bring a civil lawsuit apply in criminal cases. Accordingly, Defendants' motion to dismiss for lack of standing is without merit.

F. **Motion for Disclosure of Grand Jury Materials (ECF 151 in Case '267; ECF 85 in Case '271)**

Like Defendant Cramer, Defendant Marrs asserts that he "has firsthand knowledge and factual evidence in which grounds exist for an immediate motion to dismiss the indictment, because of specific matters that occurred or failed to occur before the Grand Jury, regarding purported indictments that resulted in the above captioned case numbers." ECF 151 at 1-2. He does not, however, identify those "specific matters." Instead, he requests

> information under Rule 6E, in order to determine what went on before the grand jury, by parties having firsthand knowledge of an actual crime vs a civil commercial crime per 27 CFR 72.11. Named defendant requires disclosure as to what was presented before the grand jury, including full disclosure of all the elements criminal intent, that was presented before the grand jury, including full disclosure of all the elements criminal intent required to be

> met, supported with authenticated evidence of each element, and
> verified with testimony of a damaged party. It is believed by
> named defendant, this case was in retaliation in the filing a
> complaints or other due process efforts taken previously in order to
> challenge or determine the authority of all officers involved with in
> any administrative or judicial procedures, including the
> Commissioner of the IRS, in which Requester/Movant is now
> being retaliated against . . . .

*Id*. at 2. Based on these allegations, Marrs requests from the grand jury's materials "Stenographer's Recordings, Foreman's Notes, Polling of the Grand Jury, [and] Legal Christian Name of every Juror adequate for discovery subpoenas if their testimony is needed in this matter." *Id*. at 3.

In *Douglas Oil Co. of Cal. v. Petrol Stops Nw*., 441 U.S. 211, 218 (1979), the United States Supreme Court explained that the rule of grand jury secrecy has been an integral part of our criminal justice system and our federal common law since the seventeenth century. Federal Rule of Criminal Procedure 6(e) codified the principle of grand jury secrecy. *Id*. at 218 n.9. Although matters occurring before a grand jury are generally secret, courts have recognized a right of public access to ministerial grand jury records. *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778, 780-81 (9th Cir. 1984). The Ninth Circuit defined "ministerial" records as those that relate to the "procedural aspects of the impaneling and operation" of the grand jury rather than those that relate to the substance of the grand jury's investigation. *Id*. at 779 n.1. The court emphasized that disclosure of grand jury records must not defeat the purposes underlying Rule 6(e), including to: "(1) prevent the escape of prospective indictees, (2) insure the grand jury of unfettered freedom in its deliberations, (3) impede the subornation of perjury and tampering of witnesses by targets of the investigation, (4) encourage forthrightness in witnesses without fear of retaliation, and (5) act as a shield for those who are exonerated by the grand jury." *Id*. at 782-83. In other words, disclosures of grand jury matters should not undermine the "legitimate

interests of the government, grand jurors, or other persons connected with the grand jury proceedings." *United States v. Diaz*, 236 F.R.D. 470, 476 (N.D. Cal. 2006) (citing *Special Grand Jury*, 674 F.2d at 782 n.4). A defendant, however, may gain access to non-ministerial records upon a showing of a particularized need. *Douglas Oil*, 441 U.S. at 221; *Diaz*, 236 F.R.D. at 480.

Marrs's request for the grand jury foreperson's notes, polling information, and the names of the grand jurors are substantive, not ministerial. Thus, they are protected by the principles of grand jury secrecy. *Special Grand Jury*, 674 F.2d at 780-82 (explaining that a grand jury's notes, voting records, and the names of grand jurors are all protected from disclosure under the grand jury secrecy doctrine). In addition, Marrs has failed to identify any particularized need for these records. Finally, to the extent that Marrs requests any stenographer's recordings, the government represents that it will timely provide in advance of trial a copy of any transcript of any witness's testimony before the grand jury if the government intends to call that person as a witness at trial. That is sufficient.

### G. Mandatory Judicial Notice of H.R. 1 and Jurisdiction (ECF 152 in Case '267; ECF 86 in Case '271)

Defendants Cramer and Marrs ask the Court to take judicial notice of "H.R. 1, the Tax Cuts and Jobs Act of 2017." Congress passed this law in December 2017, and it made several significant changes to the United States tax code. Defendants may refer to this law anytime that doing so would be relevant. There is no need for the Court to take judicial notice of federal law because federal law is a legislative fact, not an adjudicative fact. Thus, it is not an appropriate subject for judicial notice. Rule 201 of the Federal Rules of Evidence allows a court to take judicial notice of "adjudicative fact[s]" that are "readily known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Judicial notice of "legislative facts, however, is unnecessary. *Von Saher v.*

*Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). As explained in the advisory committee note to the 1972 amendments to Rule 201 of the Federal Rules of Evidence:

> The omission of any treatment of legislative facts results from fundamental differences between adjudicative facts and legislative facts. Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body.

Fed. R. Evid. 201, advisory comm. note (1972). Accordingly, Defendants' motion to take judicial notice of the Tax Cuts and Jobs Act of 2017 is without merit.

Further, to the extent that Cramer and Marrs rely upon the Tax Cuts and Jobs Act of 2017 to support their argument that this Court lacks jurisdiction over this criminal tax case, that argument is without merit. The 2017 law did not amend 18 U.S.C. § 3231.

**H. Motion for Bill of Particulars**
   **(ECF 154 in Case '267; ECF 88 in Case '271)**

Defendants Cramer and Marrs ask the Court for a bill of particulars to assist them in defending against the charges alleged in the indictment. An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Fed. R. Crim. P. 7(f) provides that a district court "may direct the government to file a bill of particulars" and that the "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Thus, Defendants' motion for a bill of particulars is untimely. The Court, however, will nevertheless address the merits of Defendants' motion.

The Ninth Circuit instructs that "[a] motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1984). A bill of particulars serves three purposes:

> [To inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (alteration in original) (quotation marks and citation omitted). "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Long*, 706 F.2d at 1054. A bill of particulars is not necessary if "the indictment itself provides sufficient details of the charges and if the government provides full discovery to the defense." *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984). "The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion." *Long*, 706 F.2d at 1054.

The indictments in Case '267 and Case '271, along with the discovery provided by the government, contain sufficient detail to enable Cramer and Marrs to prepare for trial, avoid or minimize the danger of surprise at trial, and protect against double jeopardy. That is all that is requited. Accordingly, a bill of particulars is not needed in either Case '267 or Case 271.

## CONCLUSION

In Case '267, the Court DENIES the following motions filed by Defendants Cramer and Marr: (1) Motion to Dismiss Indictment—Statute of Limitations and Due Process (ECF 137); (2) Motion for Show Cause Hearing (ECF 139); (3) Request for Disclosure Pursuant to Rule 6(e) and the U.S. Constitution (ECF 140); (4) Motion to Determine the Subject Matter Jurisdiction of

the Court (ECF 145); (5) Motion to Dismiss for Lack of Standing Under [Fed. R. Civ. P] 12(b)(1) and 12(b)(6) (ECF 146); (6) Motion for Disclosure of Grand Jury Materials (ECF 151); (7) Mandatory Judicial Notice of H.R. 1 and Jurisdiction (ECF 152); and (8) Motion for Bill of Particulars (ECF 154). In Case '271, the Court DENIES the following motions filed by Defendant Marrs: (1) Motion to Dismiss for Lack of Standing Under [Fed. R. Civ. P] 12(b)(1) and 12(b)(6) (ECF 80) (2) Motion to Determine the Subject Matter Jurisdiction of the Court (ECF 81); (3) Motion for Disclosure of Grand Jury Materials (ECF 85); (4) Mandatory Judicial Notice of H.R. 1 and Jurisdiction (ECF 86); and (5) Motion for Bill of Particulars (ECF 88).

**IT IS SO ORDERED.**

DATED this 5th day of March, 2019.

>  */s/ Michael H. Simon*
> Michael H. Simon
> United States District Judge