IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **GARY NEIL CRAMER, and THERON J. MARRS**, <br><br> Defendants. | Case No. 3:17-267-SI <br><br> **OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

      On July 23, 2019, Defendant Gary Neil Cramer ("Cramer") filed an "*Ex Parte* Motion for Issuance of Subpoenas at Government Expense Pursuant to Rule 17(b)." ECF 209. Cramer asks the Court to issue in blank ten subpoenas for trial witnesses, with all costs and fees to be paid with public funds and with personal service of the subpoenas provided by the U.S. Marshals Service. In support, Cramer filed an *ex parte* declaration from his hybrid counsel, Robert Salisbury. Mr. Salisbury correctly states that Cramer previously has been found by the Court to be indigent. Mr. Salisbury further states: "Due to his indigent status, the defendant will be unable to receive a fair trial if he is prevented from serving subpoenas at government expense." Mr. Salisbury, however, did not name the intended subpoena recipients nor explain how their testimony is needed for an adequate defense. If he had, the Court would not disclose that

information to the government. Nothing revealed in this Opinion and Order unfairly prejudices Cramer.

When a defendant in a criminal case can pay for the costs and fees of a trial subpoena (including service), the federal criminal rules allow for the issuance of subpoenas "in blank." *See* Fed. R. Crim. P. 17(a). When, however, a defendant is unable to pay for the costs and fees of a trial subpoena, the federal criminal rules allows that defendant to file an *ex parte* application for the issuance of trial subpoenas, which, if the court approves, will result in all process costs and witness fees being paid with public funds. *See* Fed. R. Crim. 17(b). The indigent defendant's application must show the defendant's inability to pay, must name the witness or witnesses to be subpoenaed, and must demonstrate "the necessity of the witness's presence for an adequate defense." *Id*. Rule 17(b) provides in full:

> DEFENDANT UNABLE TO PAY. Upon a defendant's *ex parte* application, the court must order that a subpoena be issued for a *named witness* if the defendant shows an inability to pay the witness's fees *and the necessity of the witness's presence for an adequate defense*. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

Fed. R. Crim. P. 17(b) (emphases added).

The purpose of allowing the motion to be filed *ex parte* is to prevent the government from learning before trial either the identity of the defendant's trial witnesses or the nature of the defendant's potential trial strategy. That is a legitimate purpose. The purpose of requiring the defendant's motion to disclose to names of the witnesses to be subpoenaed and the necessity of the witness's presence for an adequate defense is to allow the Court responsibly to protect public funds. Indeed, no similar requirement is placed on defendants not seeking public funds, and they may obtain trial subpoenas issued in blank. *See* Fed. R. Crim. P. 17(a); *see generally United States v. Beckford*, 964 F. Supp. 1010, 1015-16 (E.D. Va. 1997) (discussing the history and

purposes of Rule 17(b)); 2 *Wright Fed. Prac. & Proc. Crim. § 273* (4th ed. 2013; April 2019 update) (same). As explained by the Ninth Circuit:

> A trial court's refusal to issue a subpoena under Rule 17(b) is clearly appropriate when the request is untimely, *e. g., United States v. Jones*, 487 F.2d 676, 679 (9th Cir. 1973); *United States v. Bottom*, 469 F.2d 95 (9th Cir. 1972), when the testimony sought is cumulative, *e. g., United States v. Henry*, 560 F.2d 963, 965 (9th Cir. 1977); *Wagner v. United States*, 416 F.2d 558, 564 (9th Cir. 1969), *cert. denied*, 397 U.S. 923, 90 S.Ct. 915, 25 L.Ed.2d 104 (1970), when the defendant has failed to make a satisfactory showing as required by the Rule, *e. g*., *United States v. Bottom, supra*; *Wagner v. United States*, *supra*, or when the requested subpoena would in some other way constitute an oppressive and unreasonable use of the process of the court, *e. g., Amsler v. United States*, 381 F.2d 37, 51 (9th Cir. 1967).

*United States v. Sims*, 637 F.2d 625, 629 (9th Cir. 1980); *See also United States v. Weischedel*, 201 F.3d 1250, 1255 (9th Cir. 2000) ("A district court can properly deny a Rule 17(b) subpoena request when the testimony sought would be cumulative."); *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984) ("[A] rule 17(b) motion is addressed to the sound discretion of the trial court[.]"), *overruled on other grounds in United States v. Hanna*, 293 F.3d 1080 (9th Cir. 2002).

Because Cramer's motion for ten trial witness subpoenas fails to name the intended subpoena recipients and fails to explain how their testimony is needed for an adequate defense, Cramer has failed to provide sufficient information needed by the Court to exercise its responsibilities under Rule 17(b). Accordingly, Cramer's "*Ex Parte* Motion for Issuance of Subpoenas at Government Expense Pursuant to Rule 17(b)" (ECF 209) is denied without prejudice and with leave to file additional information *ex parte*.

**IT IS SO ORDERED.**

DATED this 26th day of July, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – OPINION AND ORDER